THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PHIBRO BIODIGESTER, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>MURPHY-BROWN, LLC d/b/a<br>SMITHFIELD FOODS, INC,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR RELIEF FROM COURT ORDER<br><br>Case No. 4:22-cv-00050-RJS<br><br>Chief District Judge Robert J. Shelby |

Before the Court is Plaintiff Phibro Biodigester, LLC's Motion for Relief from Court Order [Dkt. 96 and 97] (Motion).[1]  Phibro moves under Rule 60 of the Federal Rules of Civil Procedure seeking relief from this Court's Judgment[2] entered November 21, 2022 and a Docket Text Order directing the Clerk of Court to close the case.[3]  Defendant Murphy-Brown opposes the Motion.[4]  Having received Phibro's Reply[5], the matter is fully briefed and ripe for decision. For the reasons stated below, the Motion is GRANTED.

BACKGROUND

Phibro owns and operates an anaerobic digester facility in Beaver County, Utah that utilizes pig manure obtained from Murphy-Brown to produce methane used for electricity generation.  Last year, Murphy-Brown began closing operations of the Murphy-Brown pig barns

---

[1] Dkt. 98, filed November 21, 2022.

[2] Dkt. 97, filed November 21, 2022.

[3] Dkt. 96, filed November 18, 2022.

[4] Dkt. 110, filed December 12, 2022.

[5] Dkt. 122, filed December 23, 2022.

that supply manure to Phibro.[6]  Facing a manure-supply shutdown, Phibro filed suit August 8, 2022 seeking equitable relief in the form of a "temporary restraining order, preliminary injunction, permanent injunction, [or] final judgment," in the form of "an order prohibiting [Murphy-Brown] from . . . reducing . . the hog population" at particular Murphy-Brown farms.[7]  Phibro also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction seeking a preliminary order requiring Murphy-Brown to maintain certain pig populations at the Murphy-Brown farms supplying Phibro.[8]  After full briefing[9] and a hearing,[10] the court orally denied the Motion for Temporary Restraining Order on August 29, 2022.[11]  Thereafter, the parties conducted expedited discovery.[12]

On September 13, 2022, Phibro filed an Amended Complaint for Injunctive Relief ("Amended Complaint") seeking a temporary restraining order, preliminary injunction, or final judgment in the form of an order "requiring [Murphy-Brown] to keep at least 405,000 hogs" at the Murphy-Brown farms supplying Phibro manure, permitting Phibro to remain on Murphy-Brown land under the relevant lease agreements, and declaring Murphy-Brown's termination of the agreement governing the manure supply invalid.[13]  Phibro then filed a Motion for Preliminary Injunction and Memorandum in Support seeking to enjoin Murphy-Brown from reducing hog populations below certain levels at the farms supplying manure to Phibro.[14]

---

[6] *Id*. ¶¶ 5-8.

[7] Dkt. 2, filed August 8, 2022.

[8] Dkt. 3, filed August 8, 2022.

[9] Dkt. 26, filed August 22. 2022; Dkt. 33, filed August 25, 2022.

[10] Dkt. 39, filed August 26, 2022; Dkt. 42, filed August 29, 2022.

[11] Dkt. 48, filed August 29, 2022.

[12] *See* Dkt. 49, filed September 6, 2022.

[13] Dkt. 51, filed September 13, 2022.

[14] Dkt. 58, filed September 30, 2022.

After briefing[15] and a hearing,[16] the court denied the Motion for Preliminary Injunction.[17] The court also entered a Docket Text Order on November 18, 2022 stating the Order Denying the Motion for Preliminary Injunction "adjudicated all the relief sought in the Amended Complaint" and directed the case to be closed.[18] Judgment was entered in favor of Defendant and this case was closed November 21, 2022.[19]

Phibro filed its Motion November 21, 2022. The Motion does not challenge the court's adjudication and denial of the Motion for Preliminary Injunction. Instead, Phibro seeks relief from the Judgment[20] and Docket Text Order directing the closure of the matter.[21] Phibro's main contention is that the Judgment and closure of the case were premature because the request for permanent injunctive relief in the Amended Complaint was not adjudicated during the preliminary injunction phase of the case.

## ANALYSIS

Rule 60 of the Federal Rules of Civil Procedure provides that a "court may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect . . . ." A mistake warranting relief under Rule 60 includes when a court has made "a substantive mistake of law or fact in the final judgment or order."[22] Rule 60 also provides that relief can also be given for "any other reason that justifies relief.," but courts have

---

[15] Dkt. 67, filed October 7, 2022; Dkt. 72, filed October 12, 2022.

[16] Dkt. 86, filed October 17, 2022.

[17] Dkt. 95, filed November 18, 2022.

[18] Dkt. 96, filed November 18, 2022.

[19] Dkt. 97, filed November 21, 2022.

[20] Dkt. 97, filed November 21, 2022.

[21] Dkt. 96, filed November 18, 2022.

[22] *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 723 (10th Cir. 2008).

limited this "grand reservoir of equitable power" only to "extraordinary circumstances and only when necessary to accomplish justice."[23]

Phibro's claim for permanent injunction was not specifically adjudicated in the Order denying Phibro's request for preliminary injunction.[24] Additionally, the Tenth Circuit has explained that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."[25] Under Rule 65 of the Federal Rules of Civil Procedure courts may consolidate the trial on the merits with the hearing on a motion for preliminary injunction. However, in the Tenth Circuit a court must first give adequate notice to the parties.[26] Without adequate notice, dismissal of a claim for permanent injunction based on evidence from the preliminary injunction hearing is error.[27]

Here, there was no consolidation of the trial on the merits with the preliminary injunction hearing. And the claim for permanent injunction was not fully adjudicated. Accordingly, it was error to close the matter before Phibro's claim for permanent injunction was resolved. And even if Phibro's permanent injunction claim had been specifically adjudicated in a consolidated hearing, there was insufficient notice of a consolidation and the adjudication would have been error. Consequently, Phibro's Motion must be granted.

Murphy-Brown counters that it was known to the parties and the Court that operations of the hog farms supplying manure would cease by February 2023 and it was clear that the

---

[23] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).

[24] *See generally* Dkt. 95, filed November 18, 2023.

[25] *Att'y Gen. of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009).

[26] *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1187 (10th Cir. 1975).

[27] *Id.*

preliminary injunction phase was the only possible time where injunctive relief might be granted, making the request for permanent injunction unrealistic and prudentially moot.[28]

While it is true that the landscape in this matter has continued to shift throughout the course of these proceedings and Phibro may face even steeper challenges to obtaining injunctive relief, the Court finds that the claim for permanent injunction is better resolved after additional discovery and based on arguments and briefing benefitting from a complete record where the parties have notice the final merits of their claims are being addressed.

## CONCLUSION

Accordingly, the Motion is GRANTED. The Judgment[29] is hereby rescinded and the Clerk of the Court is directed to reopen this matter.

Signed September 21, 2023.

BY THE COURT

_____
Robert J. Shelby
United States Chief District Judge

---

[28] Opposition at 1.

[29] Dkt. 97.